Mario Pittoni, J.
Both parties to this action move to vacate the respective notices served to conduct examinations before trial at the courthouse in Mineóla, where the action is pending. *103 Plaintiff, Conrad Lopez, objects to bis examination on the ground that he is currently serving in the Armed Forces, and is stationed in Colorado. The defendant objects to appearing in Nassau where he neither resides nor has a place of business.
Both objections are meritorious. A party to an action cannot be compelled to appear for examination pursuant to notice at a place other than in the county in which he resides or has an office for the transaction of business (Civ. Prac. Act, § 300; Goldman & Walter Adv. Agency v. Davidof, 11 A D 2d 860). The deposition of the defendant must be taken in Kings County where he resides.
No facts are shown by the defendant which warrant a departure from the rule that the examination of a nonresident shall await the “ eve ” of trial (Nardelli v. Stam, 13 A D 2d 698; Savage v. Beth David Hosp., 11 A D 2d 1077).
The motion of the defendant is granted, and the defendant is directed to appear for examination at the Clerk’s office, Special Term, Part I, Courthouse Building, Civic Center, Brooklyn, N. Y., on January 31,1962, at 10 -.00 a.m., or at such other place as the parties may designate in the order to be submitted hereon.
The plaintiff’s motion is also granted, and the order to be submitted hereon shall contain provisions: (1) directing the plaintiff to appear for examination at Special Term, Part II of this court at least 10 days before the actual trial date; (2) directing the plaintiff to notify the defendant in advance, if he expects • to be in New York at some earlier date, and to submit himself to examination in the same place upon such date as the defendant may fix; and (3) directing that the foregoing is without prejudice to an application by defendant to examine the plaintiff on written interrogatories or by open commission, if he wishes.